UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) MALIK D. BEAN-BOUSSEAU and<br>(2) MALIK D. PARSONS,<br><br>Defendants | Criminal No. 1:21-CR-10343<br><br>Violations:<br><br><u>Count One:</u> Conspiracy to Distribute and to Possess with Intent to Distribute 40 Grams or More of Fentanyl and 500 Grams or More of Cocaine<br><br>(21 U.S.C. § 846)<br><br><u>Count Two:</u> Possession with Intent to Distribute 40 Grams or More of Fentanyl and 500 Grams or More of Cocaine; Aiding and Abetting<br><br>(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and (b)(1)(B)(vi); 18 U.S.C. § 2)<br><br><u>Count Three:</u> Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br><br>(18 U.S.C. § 924(c))<br><br><u>Count Four:</u> Possession of a Firearm with an Obliterated Serial Number<br><br>(18 U.S.C. § 922(k))<br><br><u>Drug Forfeiture Allegation:</u><br>(21 U.S.C. § 853)<br><br><u>Firearm Forfeiture Allegation:</u><br>(18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)) |

<u>INDICTMENT</u>

## COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
40 Grams or More of Fentanyl and 500 Grams or More of Cocaine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about June 2021 through on or about August 2, 2021, in Mansfield, in the District of Massachusetts and elsewhere, the defendants,

(1) MALIK D. BEAN-BOUSSEAU and
(2) MALIK D. PARSONS,

conspired with each other and with other persons known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Sections 841(b)(1)(B)(ii) and (b)(1)(B)(vi) are applicable to this Count.

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance, were reasonably foreseeable by, and are attributable to (1) MALIK D. BEAN-BOUSSEAU and (2) MALIK D. PARSONS.

Accordingly, Title 21, United States Code, Sections 841(b)(1)(B)(ii) and (b)(1)(B)(vi) are applicable to defendants (1) MALIK D. BEAN-BOUSSEAU and (2) MALIK D. PARSONS.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Possession with Intent to Distribute
40 Grams or More of Fentanyl and 500 Grams or More of Cocaine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about August 2, 2021, in Mansfield, in the District of Massachusetts, the defendants,

(1) MALIK D. BEAN-BOUSSEAU and
(2) MALIK D. PARSONS,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), and (b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT THREE
### Possession of a Firearm in Furtherance of a Drug Trafficking Offense
#### (18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about August 2, 2021, in Mansfield, in the District of Massachusetts, the defendants,

(1) MALIK D. BEAN-BOUSSEAU and
(2) MALIK D. PARSONS,

did knowingly possess firearms, to wit: 1) a Ruger 5.7 millimeter semiautomatic handgun, bearing serial number 641-75686; and 2) a Glock 9 millimeter semiautomatic handgun with an obliterated serial number, in furtherance of a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, to wit: distribution of and possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), and (b)(1)(B)(vi), as charged in Count Two.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR
### Possession of a Firearm with an Obliterated Serial Number
### (18 U.S.C. § 922(k))

The Grand Jury further charges:

On or about August 2, 2020, in Mansfield, in the District of Massachusetts, the defendants,

      (1) MALIK D. BEAN-BOUSSEAU and
      (2) MALIK D. PARSONS,

did possess and receive a firearm, to wit: a Glock 9 millimeter semiautomatic handgun, which had the manufacturer's serial number removed, obliterated, and altered, and had been shipped or transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(k).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One and Two, the defendants,

(1) MALIK D. BEAN-BOUSSEAU and
(2) MALIK D. PARSONS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(k) and 924(c), set forth in Counts Three and Four, the defendants,

> (1) MALIK D. BEAN-BOUSSEAU and
> (2) MALIK D. PARSONS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a. A Ruger 5.7 millimeter semiautomatic handgun, bearing serial number 641-75686;

    b. A Glock 9 millimeter semiautomatic handgun with an obliterated serial number;

    c. Seventeen rounds of assorted 9 millimeter ammunition; and

    d. Twenty rounds of 5.7 millimeter ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

/s/ Foreperson
FOREPERSON

/s/ Charles Dell'Anno
CHARLES DELL'ANNO
LEAH B. FOLEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November 30, 2021

Returned into the District Court by the Grand Jurors and filed.

/s/ Lisa Belpedio at 4:01 pm
DEPUTY CLERK