```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| v. ) | |
| ) | |
| **Malik Parsons,** ) | Criminal Action No. |
| ) | 21-10343-NMG |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Malik Parsons ("Parsons" or "defendant"), has been charged in a four-count indictment with conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute 40 grams or more of fentanyl and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and (B)(vi), as well as aiding and abetting (Count 2), possession of a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c) (Count 3) and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count 4).

-1-

Parsons has filed a motion to dismiss Count 3, possession of a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c).  He asserts that the underlying statute contravenes the Second Amendment right to bear arms as applied to the charged conduct.  For the reasons that follow, the motion will be denied.

I. **Motion to Dismiss**

The facts of the case have been thoroughly rehearsed.  See, e.g., Docket No. 105, at 2-7.  As relevant here, the government alleges that defendant, along with co-defendant Malik Bean-Bousseau ("Bean-Bousseau"), trafficked illicit narcotics out of an apartment in Mansfield, Massachusetts.  In August, 2021, investigators conducted a search of the Mansfield apartment which revealed large quantities of cocaine, cocaine base and two semiautomatic handguns, one of which had an obliterated serial number.

The recovered firearms form the basis of the conduct charged in Count 3.  Defendant contends that he is charged under a theory that the guns were stored at the apartment for "self defense to avoid a drug robbery."  He asserts that, as applied to his alleged conduct, 18 U.S.C. § 924(c) contravenes his right of armed self-defense under the Second Amendment.

The United States Supreme Court affirmed that the Second Amendment encompasses an individual right to bear arms for the purpose of self-defense in District of Columbia v. Heller. 554 U.S. 570 (2008).  The Court recognized, however, that "the right secured by the Second Amendment is not unlimited" and that the Second Amendment does not imply a "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Heller, 554 U.S. at 626.

Following Heller, the Courts of Appeals uniformly adopted means-ends tests that often resulted in the application of an intermediate form of scrutiny. See, e.g., Worman v. Healey, 922 F.3d 26 (1st Cir. 2019).  Two years ago, in New York State Rifle & Pistol Ass'n v. Bruen, the Supreme Court cast aside means-ends scrutiny in favor of a text and history test. 597 U.S. 1 (2022). That approach requires courts first to assess whether the challenged law is covered by the Second Amendment's text and if so, whether that law is "consistent with this Nation's historical tradition of firearm regulation." Id. at 33; see also Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38, 43 (1st Cir. 2024).  The historical analysis need not discover a

> historical twin...[but courts] must instead employ analogical reasoning to determine whether historical analogues are relevantly similar.

Ocean State Tactical, LLC, 95 F.4th at 44 (quoting Bruen, 597 U.S. at 28, 30) (internal quotations omitted).

Bruen's analogical reasoning test has begotten a litany of challenges to federal criminal laws involving firearms. See, e.g., United States v. Florentino, 2023 WL 7036314, at * 2 (D. Mass. Oct. 26, 2023). Some have prevailed. See, e.g., United States v. Bullock, 2023 WL 4232309 (S.D. Miss. Jun. 28, 2023). Courts have, however, uniformly rejected challenges to 18 U.S.C. § 924(c). See, e.g., United States v. Garrett, 650 F.Supp.3d 638, 642 (N.D. Ill. 2023) ("Fewer courts have examined the constitutionality, post-Bruen, of § 924(c)(1)(A)...but those that have done so have upheld the statute."). This Court will do the same.

Heller made clear that the core Second Amendment right protects "bearing arms for a lawful purpose." Heller, 554 U.S. at 620 (internal quotations omitted). When evaluating a Second Amendment challenge, the First Circuit Court of Appeals ("First Circuit") has emphasized that the core questions a court must answer are "how and why the regulations burden a law-abiding citizen's right to armed self-defense." Ocean State Tactical, LLC, 95 F.4th at 44 (quoting Bruen, 597 U.S. at 29) (emphases in original).

To be found guilty of the crime proscribed by 18 U.S.C. § 924(c), an individual must possess a firearm in manner that "advances or promotes the drug crime." United States v. Ramirez-Frechel, 23 F.4th 69, 74 (1st Cir. 2022) (quoting United States

v. Pena, 586 F.3d 105, 112-13 (1st Cir. 2009).  It follows that for the government to prove that Parsons violated § 924(c), it must demonstrate that he possessed a firearm to promote illicit activity.  He claims that the charged conduct encompasses self-defense against robbery but allegations that a firearm was possessed for the indisputably unlawful purpose of defending a stash of narcotics and ill-gotten proceeds vitiates any constitutionally cognizable assertion of "self-defense."  The same logic bolsters the criminal law doctrine that

> the right of homicidal self-defense is granted only to those free from fault in the difficulty; it is denied to slayers who incite the fatal attack, encourage the fatal quarrel or otherwise promote the necessitous occasion for taking life.

United States v. Peterson, 483 F.2d 1222, 1231 (D.C. Cir. 1973).

The Bruen decision similarly lends no credence to defendant's constitutional challenge.  Its discussion of Rex v. Sir John Knight, 90 Eng. Rep. 330 (K.B. 1686), clarifies that there is a history of prohibitions against carrying arms to the terror of the public with ill intent.  Employing firearms, even defensively, to further a criminal drug conspiracy fits within that tradition of proscribing the ill-intended use of arms.

Furthermore, Justice Kavanaugh, joined by Chief Justice Roberts, emphasized in his concurrence that nothing in Bruen "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  Bruen, 591 U.S. at 81

-5-

(Kavanaugh, J., concurring) (citing McDonald v. Chicago, 561 U.S. 742, 786 (2010) (plurality op.).  Justice Kavanaugh's concurrence, while dicta, reflects the overwhelming consensus of the courts that have resolved challenges to 18 U.S.C. § 924(c) since Bruen.  It strains credulity to assert that the Framers sought to protect the bearing of arms for the purposes of promoting criminal conduct, even if the arms in question are deployed defensively.  The motion will be denied.

**ORDER**

For the foregoing reasons, the motion of defendant, Malik Parsons, to dismiss Count 3 of the indictment (Docket No. 137) is **DENIED**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated:  April 16, 2024