United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Malik Parsons,<br>        Defendant. | Criminal Action No.<br>21-10343-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

This case arises from a conspiracy to distribute cocaine and fentanyl. Now pending before the Court is the motion of defendant, Malik Parsons ("defendant"), for post-conviction release pending his sentencing in April, 2025. For the following reasons, defendant's motion will be denied.

In 2021, defendant was indicted on two counts: 1) conspiracy to distribute and possess with intent to distribute controlled substances and 2) possession with intent to distribute controlled substances, in violation of 18 U.S.C. §§841(a) and 846. Following a jury trial, defendant was convicted on both counts. Over defendant's objection, this Court ordered defendant remanded pending his sentencing which is set for April 29, 2025. Defendant has now filed a motion for release from custody pending sentencing.

In his motion, defendant does not dispute that the serious drug crimes for which he has been convicted require that he be remanded prior to his sentencing. See 18 U.S.C. §3143(a)(2). Instead, he relies upon 18 U.S.C. §3145(c) which provides that a convicted defendant may be released prior to his sentencing if "it is clearly shown that there are <u>exceptional reasons</u> why such detention would not be appropriate." (emphasis added).

Although §3145(c), by its plain text, grants authority over pre-sentencing release only to appellate courts, the First Circuit Court of Appeals, in an unpublished opinion rendered over three decades ago, concluded that §3145(c) also affords district courts the authority to grant such release. See <u>United States</u> v. <u>Weiner</u>, 1992 WL 180697, at *1 (1st Cir. July 31, 1992); <u>accord</u> <u>United States</u> v. <u>Goforth</u>, 546 F.3d 712, 714-16 (4th Cir. 2008); <u>United States</u> v. <u>Garcia</u>, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003).

In compliance with the decision in <u>Weiner</u>, this Court has considered §3145(c) applicable to a motion for post-conviction release provided there are truly compelling reasons for doing so. <u>See</u> <u>United States</u> v. <u>Oake</u>, No. CRIM. 11-10106-NMG, 2012 WL 910263, at *1 (D. Mass. Mar. 15, 2012) (citing <u>Weiner</u>, 1992 WL 180697, at *1); <u>cf</u>. <u>United States</u> v. <u>Correia</u>, 17 F. Supp. 3d 125, 126 (D. Mass. 2014) (distinguishing <u>Weiner</u> and finding that

§3145(c) granted post-conviction release authority only to appellate courts).

Defendant suggests that the "exceptional reasons" that warrant his release under §3145(c) are that he 1) has complied with all of his pre-trial conditions of release, 2) has no other convictions, 3) poses no risk of flight or a risk safety to the community and 4) has stable community support. He further argues for his release so that he can complete an educational certification program and spend time with his ill grandmother.

The Court finds defendant's reasons unavailing. As a threshold matter, defendant's compliance with conditions of release and his otherwise crime-free record do not constitute exceptional reasons. Complying with conditions of release and remaining crime-free is merely doing what is required. United States v. Peters, No. CR 18-10449-NMG, 2024 WL 4519750, at *1 (D. Mass. Oct. 17, 2024); United States v. Lafrance, No. 16-10090-IT, 2016 WL 3882845, at *3 (D. Mass. July 13, 2016).

Even presuming defendant poses no flight risk or danger to the community, the Court finds that defendant's productive educational goals, stable living conditions and desire to spend time with an ill grandparent are not exceptional reasons warranting release pending sentencing. See Oake, 2012 WL 910263, at *1 (denying post-conviction release under §3145(c) because defendant's purported lack of flight risk or danger to

the community, his productive behavior and his absence of violent conduct while on pretrial release alone "d[id] not entitle him to special treatment"); Correia, 17 F. Supp. 3d at 127 (concluding that defendant's expressed desire to visit his "ill . . . grandparent . . . before commencing his sentence" did not warrant post-conviction release under §3145(c)). Defendant stands convicted of a serious drug-trafficking felony and is likely to be incarcerated for a significant period of time. It is better to start to serve that time now and get to supervised release sooner rather than delay the inevitable.

As this Court explained in Oake, post-conviction release is the exception, not the norm. It is warranted when a defendant is actively working with the government as an undercover agent or has a medical emergency requiring special treatment that cannot be provided at his Bureau of Prisons facility. See Oake, 2012 WL 910263, at *1. Absent those, or equally compelling, circumstances, there are no exceptional reasons for delay and the motion for post-conviction release will be denied.

ORDER

For the foregoing reasons, the motion of defendant, Malik Parsons, for post-conviction release pursuant to 18 U.S.C. §3145(c) (Docket No. 211) is **DENIED**.

**So ordered.**

                                                   /s/ Nathaniel M. Gorton
                                                   Nathaniel M. Gorton
                                                   United States District Judge

Dated: February 12, 2025