United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Malik Parsons, | ) | Criminal Action No. |
| | ) | 21-10343-NMG |
| Defendant. | ) | |

MEMORANDUM & ORDER

GORTON, J.

This case arises from a conspiracy to distribute cocaine and fentanyl. Following his conviction and sentencing, defendant, Malik Parsons ("defendant" or "Parsons"), now moves for this Court to make a judicial recommendation that he be permitted to serve his term of imprisonment at the Federal Correctional Institution Danbury ("FCI Danbury") in Connecticut. For the reasons that follow, defendant's motion will be allowed.

In 2021, defendant was indicted on two counts: 1) for conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and 2) for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a). Following a trial by jury in January, 2025, defendant was convicted on both counts.

In April, 2025, this Court sentenced defendant to a term of 84 months of imprisonment and 4 years of supervised release. At

- 1 -

the conclusion of the sentencing hearing, defendant requested that this Court make a judicial recommendation that his term of incarceration be served at FCI Danbury in Connecticut which this Court denied without prejudice to defendant's renewal of such a request by a written pleading. The pending motion followed.

Under 18 U.S.C. § 3621(a)-(b), the Bureau of Prisons ("BOP") is obliged to "designate the place of . . . imprisonment" for individuals in its custody. The BOP must determine such placement by reference to the prisoner's security level, health and programmatic needs, among other things. Id. § 3621(b). In its determination, the BOP may also take into account any "recommendations of the sentencing court" but such recommendations are not binding because a decision to place a prisoner in a particular correctional facility rests "within the sole discretion of the Bureau of Prisons." United States v. Melendez, 279 F.3d 16, 18 (1st Cir. 2002) (per curiam) (internal quotations omitted), cert. denied, 535 U.S. 1120 (2002). As such, a decision to make, or to decline to make, a judicial recommendation is discretionary and not subject to appeal. Id.; Ysabel v. Sabol, 645 F. Supp. 2d 37, 40 (D. Mass. 2009).

Defendant requests that this Court recommend incarceration at FCI Danbury because it would permit him 1) to engage in career-based HVAC training programming and 2) to receive visits from his grandmother who resides in the Boston area. With

respect to defendant's request for proximity to his grandmother, the matter is totally within the discretion of the BOP. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).  As this Court has done in other cases, however, it will recommend that the BOP incarcerate defendant at FCI Danbury so that he can participate in HVAC training programming, provided the BOP determines that FCI Danbury is, according to 18 U.S.C. § 3621(a)-(b), commensurate with defendant's security level and other incarcerative needs. The Court agrees that defendant's placement in such vocational training will further his rehabilitation and his ability to lead a productive life upon release. See United States v. Phim, 1:23-cr-10199-NMG-2 (Docket No. 171) (recommending placement at FCI Danbury to permit defendant's participation in HVAC training programming).

### ORDER

For the foregoing reasons, the motion of defendant, Malik Parsons, for a judicial recommendation that he be incarcerated at FCI Danbury (Docket No. 226) is ALLOWED.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 19, 2025